# EXHIBIT C

| | | |
|---|---|---|
| **ANDRAE QUEEN,** *on behalf of himself and all similarly situated persons* <br> P.O. Box 214 <br> Lexington Park, MD 20653, | * | IN THE |
| | * | CIRCUIT COURT |
| *Plaintiffs* | * | OF MARYLAND |
| | * | FOR |
| v. | * | BALTIMORE CITY |
| **DESIREE BERRY** <br> 49470 Fresh Pond Neck Road <br> Scotland, MD 20687 | * | Civil No.: |
| | * | |
| and | * | |
| | * | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** <br> and | * | |
| **STATE FARM FIRE AND CASUALTY CO.** <br> One State Farm Plaza <br> Bloomington, IL 61701 <br> SERVE ON: <br> Maryland Insurance Administration <br> 200 St. Paul Place, Suite 2700 <br> Baltimore, MD 21202, | * | Class Action Complaint |
| | * | Jury Demanded |
| | * | |
| | * | |
| *Defendants.* | * | |

## INDIVIDUAL UNINSURED MOTORIST BODILY INJURY AND CLASS ACTION COMPLAINT

Plaintiff Andrae Queen, through his undersigned counsel, files this individual complaint and class action complaint against Defendants Desiree Berry, State Farm Mutual Automobile Insurance Company, and State Farm Fire and Casualty Company (collectively "State Farm").

1. This Complaint arises out of State Farm's policy interpretation and claim handling relating to mandatory "uninsured motorist" coverage provided in its auto insurance policies in Maryland.

2.     Plaintiff Andrae Queen is a resident of Lexington Park, in Saint Mary's County Maryland.

3.     Mr. Queen owns a personal car, registered in his name, and purchased insurance for that car from State Farm Mutual Automobile Insurance Company.  Claims under that policy may also be processed by State Farm Fire and Casualty Company.

4.     State Farm Mutual Automobile Insurance Company is and automobile insurer headquartered in Bloomington, Illinois, and licensed to issue auto insurance policies in Maryland by the Maryland Insurance Administration.

5.     State Farm Fire and Casualty Company is headquartered in Bloomington, Illinois, and is licensed to issue property insurance policies in Maryland.  State Farm Fire and Casualty Company also participates in processing and handling some Maryland insureds' automobile policy uninsured motorist claims.

6.     Venue is proper in this Court because the Defendants regularly conduct business in Baltimore City, because a substantial number of putative class members reside in Baltimore City, and because the central issue raised in this complaint is one that has been regularly addressed by the Insurance Administration under Md. Ins. Code in administrative proceedings adjudicated in Baltimore City under Md. Cts. & Jud. Proc. Code Art., § 3-1701.

### Facts as to the Named Plaintiff

7.     On February 15, 2018, Mr. Queen was lawfully operating his car near the intersection of Point Lookout Road and Adkins Road in St. Mary's County, Maryland when he was involved in an accident with another vehicle operated by defendant Desiree Berry.

8. At the time of the collision, defendant Desiree Berry was "uninsured" as that term is defined in Md. Ins. Code Art. § 19-509 in that there was no valid and collectible liability insurance applicable to defendant Desiree Berry's vehicle.

9. State Farm accepted Mr. Queen's claim as arising under the uninsured motorist provisions of his own auto insurance policy.

10. Plaintiff sustained bodily injuries in the collision, specifically to his neck, back and head.

11. Plaintiff sought medical care at St. Mary's Hospital, and received follow up medical care for approximately two (2) months after the collision with Maryland Healthcare Clinics, and their affiliated practices.

12. Plaintiff submitted a claim to State Farm for compensation for those injuries under his uninsured motorist bodily injury coverage.

13. In addition, Plaintiff's car sustained significant damage in the accident.

14. As a result of the damage sustained to the car, Plaintiff had the car towed to a repair shop.

15. Plaintiff's car was at the repair shop for an extended time. Plaintiff therefore rented a replacement car at a cost of $306.23.

16. After paying for the replacement car rental personally, Plaintiff submitted a claim to State Farm for reimbursement of the rental car's cost.

17. On March 1, State Farm Claim Specialist Ronda Flournoy, in State Farm's Atlanta, Georgia claim office, notified Plaintiff's counsel that State Farm would not reimburse Mr. Queen's rental car expenses under the uninsured motorist coverage in its policy.

18. In denying coverage for the rental car costs, Ms. Flournoy cited two provisions in the "Property Damage" section of the "UM [uninsured vehicle] Vehicle Coverage" section of Mr. Queen's policy, neither of which addresses rental car expense as a form of property damage.

19. The rental car expense incurred by Mr. Queen as a direct and proximate result of the accident of February 15, 2018 constituted cognizable property damage directly attributable to the accident and loss of use of his car.

20. State Farm's failure to reimburse Mr. Queen's rental car expenses arising out of the accident is a breach of State Farm's obligations under its contract of insurance issued to Mr. Queen and under Maryland State Law as set forth in Title 19, Subtitle 5 and Title 20, Subtitle 6 of the Maryland Insurance Code.

### Count I -- Individual Complaint for Uninsured Motorist Bodily Injury Damages

21. Plaintiff incorporates the allegations of paragraphs 1 – 20 as if fully set forth

22. On February 15, 2018 at approximately 8:00 p.m., Plaintiff, Andrae Queen was involved in an automobile collision with Desiree Berry, a driver who was solely responsible for causing the collision.

23. The collision occurred when the defendant, Desiree Berry, turned her vehicle left, across the center line of Point Lookout Road, directly into the path of plaintiff, Andrae Queen.

24. Defendant Desiree Berry was negligent for failing to yield the right of way to plaintiff, Andrae Queen, failing to pay full time and attention to the operation of her motor vehicle, and generally failing to exercise due care in the operation of her motor vehicle.

25. At the time of the collision, defendant Desiree Berry was uninsured.

26. The collision was the sole responsibility of the defendant Desiree Berry who was an uninsured motorist, entitling the plaintiff to uninsured motorist benefits pursuant to the above referenced policy of insurance with defendant State Farm.

27. As a direct and proximate result of the collision, Plaintiff was injured and incurred approximately $7,200.00 in reasonable and necessary medical expenses, property damages, loss

of use of an automobile, lost wages and seeks compensation for his past and future medical bills, past and future lost wages, property damages, loss of use, as well as past and future pain, suffering, emotional upset, and inconvenience.

28.     Upon presenting comprehensive proof of his losses to State Farm, defendant State Farm refused to compensate Plaintiff for his losses, in breach of his contract of insurance with State Farm.

WHEREFORE, the above premises considered, Plaintiff, Andrae Queen individually brings this action and demands judgment against defendants Desiree Berry and State Farm Mutual Automobile Insurance Company, jointly and severally, in sum in excess of Seventy Five Thousand Dollars plus the costs of this action.

### Class Action Allegations

29.     Plaintiff brings this action on behalf of himself and all other persons similarly situated.

30.     Plaintiff proposes the following class definition, subject to later amendment as the facts and discovery may warrant:

> All persons with automobile insurance policies issued in Maryland by State Farm Mutual Automobile Insurance Company (State Farm) who, following an accident with an uninsured motor vehicle, have submitted claims to State Farm for reimbursement of rental vehicle costs under the Uninsured Motorist provisions of their State Farm policies.

31.     The class is sufficiently numerous to make joinder of all members impracticable, in that, upon information and belief, State Farm processes hundreds of uninsured motorist insurance claims in Maryland every year.

32. There are well-defined issues of law and fact that are common to all class members under Md. Rule 2-231(a)(2) and those common issues predominate under part (b)(3) of the Rule.

33. State Farm provides uninsured motorist coverage to Maryland policyholders using standard form insurance contracts whose coverage provisions do not vary from policyholder to policyholder.

34. State Farm provides or denies coverage for specific items or categories of damages pursuant to uniform practices and standards that are applied in an identical manner by all claims personnel dealing with Maryland insureds. Indeed, in this case, State Farm has made a corporate decision to decline all rental car expenses.

35. Uninsured motorist coverage is provided by State Farm to Maryland policyholders pursuant to a uniform statutory scheme that closely regulates the extent and limits of such coverage. Thus, State Farm's Maryland automobile insurance policies must conform to a uniform and well-defined statutory standard.

36. Named plaintiff's claims are typical of other class members claims in that he is an insured under the same form policy as all class members, presented the same claim for property damages stemming from loss of use of his car, and had his claim rejected pursuant to the uniform claim processing practices and standards as all other class members.

37. Named plaintiff is an adequate class representative in that he has no conflicts with the class members and he has retained counsel who are experienced in insurance coverage matters, in UIM claims, and in representing consumers in class action litigation.

38. A class action is the most efficient means of resolving this issues raised in this dispute, as class members may not be aware of their rights under the Maryland Insurance Code, most would have claims that are too small to support the filing of individual actions, class members are

unlikely to prosecute separate actions due to the time and expense necessary to do so, and class-wide relief is essential to redress State Farm's consistent and continuous violation of the law regulating uninsured motorist coverage in Maryland.

39.    A class action is also appropriate because State Farm has acted or refused to act on grounds generally applicable to all class members, making final declaratory and injunctive relief appropriate.

## Count II – Breach of Contract

40.    Plaintiff incorporates the allegations of paragraphs 1 – 29 as if fully set forth.

41.    Mr. Queen and all class members on the one hand, and State Farm Mutual Automobile Insurance Company on the other, entered into contracts of automobile insurance that include standard, form language providing coverage for accidents with uninsured motorists.

42.    Mr. Queen and all class members suffered property damage in accidents with uninsured motorists, and part of that property damage consists of "loss of use" damages and concomitant rental car expenses while their vehicles were being repaired.

43.    All State Farm auto insurance policies issued in Maryland must provide uninsured motorist coverage that comports with the requirements of Md. Ins. Code Art. § 19-509, including the requirement that minimum coverage provide at least the same as that provided in Maryland Automobile Insurance Fund (MAIF) policies pursuant to the Maryland Insurance Code Article Title 20, Subtitle 6.

44.    Mr. Queen made demand for reimbursement of his rental car expenses following his accident, but State Farm declined to pay the damages, and State Farm has a uniform practice of declining to pay rental car expenses for all of its Maryland policyholders who sustain those damages in accidents with uninsured motorists.

45.     State Farm's declination of uninsured motorist coverage for loss of use and rental car expenses is a breach of its contractual obligations owed to Mr. Queen and all class members.

WHEREFORE, Plaintiff seeks judgment, on behalf of himself and all Class Members for damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), costs and reasonable attorneys' fees for the successful prosecution of this action, plus such other and further relief as this Court deems appropriate.

### Count III – Declaratory Judgment –CJP § 3-406

46.     Plaintiff incorporates the allegations of paragraphs 1 – 29 as if fully set forth.

47.     Mr. Queen and all class members are policyholders of State Farm Mutual Automobile Insurance Company and have asserted claims for damages pursuant to the uninsured motorist provisions of such policies.

48.     State Farm has uniformly denied policyholders' claims under its uninsured motorist coverages where those claims are for property damage in the form of loss of use damages and rental car costs.

49.     Md. Ins. Code Art. § 19-509(e) requires all insurers who issue automobile insurance policies to include uninsured motorist coverage in minimum amounts at least equal to the coverage provided in MAIF policies under Title 20, Subtitle 6 of the Insurance Code Article.

50.     Coverage provided under MAIF policies pursuant to the terms thereof and the requirements of Title 20, Subtitle 6 of the Insurance Code Article includes coverage for property damage stemming from loss of use of the insured's car, including rental car costs.

51.     State Farm's denial of coverage for this aspect of its insureds' property damage losses relies upon interpretation of policy provisions that do not refer to loss of use or rental car expenses.

52. An actual controversy exists between Mr. Queen and all class members on the one hand, and State Farm on the other, as to the scope of coverage that is provided under the standard State Farm policy's uninsured motorist coverage provisions, and as to whether State Farm's interpretation of its available coverage comports with State law.

WHEREFORE, Plaintiff demands that this Court determine and adjudicate the rights and liabilities of all class members with respect to claims for loss of use and rental car cost damages arising under State Farm automobile insurance policy uninsured motorist coverage, that the Court enter judgment conforming the coverage in such policies to the requirements of State law, that the Court order State Farm to pay damages to the class members in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), that the Court award Plaintiff the costs and reasonable attorneys' fees for successful prosecution of this action, and that the Court award such other and further relief as the Court may deem appropriate.

Respectfully Submitted
Lewis & Tompkins PC

_____
David Tompkins, Esq.
4720 Montgomery Lane Suite 330
Bethesda, MD 20814
(202) 296-0666 phone
(202) 371-9228 fax
dtompkins@lewisandtompkins.com


Goldman & Minton, PC

_____ as counsel
Tom Minton, Esq.
3600 Clipper Mill Road Suite 201
Baltimore, MD 21211
(410) 783-7575 phone
tminton@charmcitylegal.com


## JURY DEMAND

Plaintiffs request a trial by jury on all issues so triable.

_____
David Tompkins, Esq.